Filed 4/3/13  P. v. Vaughan CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H038551 |
| Plaintiff and Respondent, | (Monterey County Super. Ct. No. SS101958A) |
| v. | |
| CARL VAUGHAN, | |
| Defendant and Appellant. | |

Pursuant to a negotiated disposition, Carl Vaughan (defendant) pleaded no contest to one count of possessing marijuana in prison (Pen. Code, § 4573.6); and admitted that he had one prior strike conviction.  (§ 1170.12)[1]  In exchange for his no contest plea and admission, defendant was promised a four year prison term to be served consecutively with a sentence he was already serving.

On May 7, 2012, the same day that defendant entered his plea, the court sentenced defendant to the lower term of two years doubled because of the prior strike conviction. The court did not award defendant any credit for time served because the court determined that he was not entitled to any credit since he was at the time serving a prison sentence.  The court imposed a $240 restitution fund fine, imposed but suspended a

---

[1]     All unspecified section references are to the Penal Code.

parole revocation fine in the same amount, and imposed $70 in assessments. Thereafter, defendant filed a timely notice of appeal based on only " 'sentencing issues.' "

Defendant's appointed counsel has filed an opening brief in which no issues are raised and asks this court for an independent review of the record as required by *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). Counsel has declared that defendant was notified that no issues were being raised by counsel on appeal and that an independent review under *Wende* was being requested.

On December 12, 2012, we notified defendant of his right to submit written argument on his own behalf within 30 days. That time has passed and we have not received a response from defendant.

Pursuant to *Wende*, *supra*, 25 Cal.3d 436, we have reviewed the entire record and have concluded there is no arguable issue on appeal. Pursuant to *People v. Kelly* (2006) 40 Cal.4th 106, we provide "a brief description of the facts and procedural history of the case, the crimes of which the defendant was convicted, and the punishment imposed." (*Id*. at p. 110.)

## *Facts*[2]

On September 21, 2009, in conducting a search of defendant's prison cell, correctional officers found a quantity of a green leafy substance wrapped in toilet paper on the ground under the window of the cell. In addition, they located more of the green leafy substance in two socks underneath the bottom bunk. Defendant was the only inmate assigned to the cell. Later, the leafy substance was tested at the Department of Justice laboratory in Freedom, California; it was determined to be a usable quantity of marijuana.

---

[2] The facts are taken from the preliminary hearing held on October 15, 2010.

*Proceedings Below*

On October 10, 2010, the Monterey County District Attorney filed an information in which defendant was charged with two counts of possession of a controlled substance in prison (§ 4573.6).[3] The information contained allegations that defendant had suffered three prior strike convictions and had served three prior prison terms. (§§ 1170.12, 667.5, subd. (b).) On October 27, 2010, defendant pleaded not guilty to the charges and denied the prior conviction and prison prior allegations.

Subsequently, on September 27, 2011, defendant filed a motion pursuant to *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497, in which he asked the court to exercise its discretion and dismiss his strike priors; on September 28, 2011, the court granted the motion in part by dismissing two of the three.

On May 7, 2012, defendant entered into a plea bargain in which the People agreed to dismiss one of the possession counts in exchange for defendant's guilty plea to the other count, admission of one strike prior and a prison sentence of four years to be served consecutively to the sentence he was already serving. On the same day, defendant initialed and signed a "WAIVER OF RIGHTS, PLEA OF GUILTY/NO CONTEST" form.[4] During the hearing on defendant's change of plea, the court confirmed with defendant that he had gone over the form with his attorney and that the initials and signature on the form were his. The court advised defendant of his constitutional rights; defendant waived those rights. Thereafter, defendant entered a no contest plea to one count of possession of a controlled substance in prison and admitted that he had one prior strike conviction. The parties stipulated to, and the court found, a factual basis for the

---

[3] The two counts were alleged to have occurred on different days—September 14, and September 21, 2009.

[4] In the form, defendant was advised of his constitutional rights, the consequences of his pleas, including immigration consequences and the maximum term of imprisonment for his offenses. Defendant waived his constitutional rights.

plea as set forth in the preliminary hearing transcript as to only the count to which defendant had pleaded.

As noted, thereafter, pursuant to the negotiated disposition, the court sentenced defendant to a two year prison term doubled because of the strike prior; the court granted the People's motion to dismiss the second possession count in accordance with the negotiated disposition.

<em>Conclusion</em>

Upon our independent review of the record, we conclude there are no meritorious issues to be argued, or that require further briefing on appeal. The sentence imposed was consistent with the plea bargain. The restitution fine and assessments imposed were supported by the law and facts. At all times appellant was represented by competent counsel.

<em>Disposition</em>

The judgment is affirmed.


_____

ELIA, J.


WE CONCUR:



_____

RUSHING, P. J.



_____

PREMO, J.